**In re Walter Carl BLAGAICH, Jr., Debtor.**

**Kenneth MILLER, Plaintiff,**

v.

**Walter Carl BLAGAICH, Jr., Defendant.**

**Bankruptcy No. 86–00366–BKC–SMW. Adv. No. 86–0437–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

Nov. 24, 1986.

Patricia A. Redmond, Miami, Fla., for plaintiff, Kenneth Miller.

Robert C. Meyer, Hialeah, Fla., for debtor/defendant, Walter Carl Blagaich, Jr.

William A. Carlin, Trumbull County, Ohio, for plaintiff, Miller.

Warren Martin, Interim Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on for trial on October 1, 1986, upon an Adversary Complaint filed by Plaintiff, KENNETH MILLER ("MILLER"), objecting to the dischargeability of a debt, pursuant to 11 U.S.C., § 523(a)(2)(A). The Court having heard the testimony and examined the evidence presented, observed the candor and demeanor of the witnesses, considered the pleadings and arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

MILLER is a creditor of the Debtor herein, WALTER CARL BLAGAICH, JR. ("BLAGAICH"), as a result of activities involving MILLER'S investments in a fictitious corporation known as BEAURGARD ENTERPRISES, INC. ("BEAURGARD"). From December 30, 1983, to March 2, 1984, MILLER paid the sum of $31,600.00 to BEAURGARD, then doing business as a fish market/seafood restaurant. MILLER advanced said funds in consideration of securing 20% of the stock in BEAURGARD.

MILLER entrusted Defendant, BLAGAICH, with said monies, to be used as capital for legitimate corporate purposes. At the time of such entrusting, no corporation by the name of BEAURGARD ENTERPRISES, INC., existed and, further, BLAGAICH used said monies for repayment of insider loans rather than for the purpose for which MILLER had directed and intended.

During the time period of May 7, 1984, to August 24, 1984, BLAGAICH took money

out of the seafood restaurant business (BE-AURGARD) to pay insider loans and intentionally concealed such activity from MILLER, inasmuch as such disbursements were contrary to the purposes for which the monies were entrusted to BLAGAICH.

■ Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C., § 523(a)(2)(A), excepts from discharge any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition ...

Included within the ambit of the actual fraud provisions of § 523(a)(2)(A) of the Bankruptcy Code is the conversion of funds by a debtor who is entrusted with money to be used for a specific purpose where no apparent intention exists for using the money for that purpose. *Merchants National Bank & Trust Company of Indianapolis v. Pappas, (In the Matter of Pappas)*, 661 F.2d 82 (7th Cir.1981).

This Court is not the first to recognize that a cause of action exists under § 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C., § 523(a)(2)(A), where property, which is not owned or in the custody or control of the debtor, is conveyed to a creditor. *Rodgers v. Fallon, (In the Matter of Fallon)*, 29 B.R. 491, 10 B.C.D. 1054 (M.D.Fla.1983).

Further, in *Cass v. Jones, (In the Matter of Jones)*, 50 B.R. 911 (Bankr.N.D.Tex. 1985), the Bankruptcy Judge found that entrusting money or property to a debtor for a specific purpose, where that debtor has no intention of using said money for such purpose, constitutes a misrepresentation upon which a debt can be held to be not dischargeable.

■ In the case *sub judice*, clearly BLAGAICH accepted monies from MILLER recognizing a two-fold purpose. Firstly, MILLER sought to purchase 20% of the shares of a corporation which BLAGAICH knew was not in existence; secondly,

BLAGAICH, with an intent to conceal his activity from MILLER, used those monies to repay insider loans rather than for the valid corporate purpose for which they were entrusted. For these reasons, the Court determines the debt due and owing from BLAGAICH to MILLER to be nondischargeable, pursuant to 11 U.S.C., § 523(a)(2)(A).

Accordingly, the lawsuit presently pending in the Court of Common Pleas, Trumbull County, Ohio, Case Number 84–CV–1472, entitled, *Kenneth Miller v. Walter C. Blagaich, Jr., and Joseph A. Nigrin*, shall proceed and the amount of the Judgment, when determined, shall not be affected by the discharge granted the Debtor herein, WALTER CARL BLAGAICH, JR., in this cause.

A separate Final Judgment of even date has been entered in conformity herewith.

## FINAL JUDGMENT

In conformity with the Findings of Fact and Conclusions of Law of even date herewith, it is

ORDERED AND ADJUDGED as follows:

1. This Court grants the prayer of Plaintiff, KENNETH MILLER ("MILLER"), and enters Judgment for Plaintiff, finding that the debt due and owing from WALTER CARL BLAGAICH, JR., Debtor/Defendant herein, to be non-dischargeable, pursuant to 11 U.S.C., § 523(a)(2)(A).

2. Plaintiff, MILLER, may proceed to liquidate his claim in the Court of Common Pleas, Trumbull County, Ohio, Case No. 84–CV–1472, and said Judgment, when entered, shall be a non-dischargeable debt of the Debtor herein, WALTER CARL BLAGAICH, JR.